## WILLENBORG *et al. v.* MURPHY, Administrator.

### (January Term, 1865.)

1. APPEAL BOND—*must recite decree appealed from correctly.* An appeal bond is defective, which recites the decree appealed from as a joint decree against two defendants, when the record shows the decree to have been against one of the defendants only.

2. SAME—*may be amended.* But the appeal will not be dismissed for such defect, where the appellant asks leave to amend the bond.

3. SAME—*effect of a defective execution of the bond by one of two appellants.* Where an appeal was prayed by two defendants from a decree against only one of them, the appeal bond executed by the party against whom the decree was rendered will not be invalidated because of its being also executed in the name of the other party without authority.

4. Nor would it have been different, as regards the validity of the appeal bond, had the decree been rendered against both the defendants, for, even in that case, either one would have the right of appeal, and for that purpose would have the right to use the name of the other not joining in the appeal.

MURPHY, administrator, etc., having instituted a suit in chancery in the Circuit Court of Macon county, against Henry Willenborg and Frank Willenborg, obtained a decree against *Henry* Willenborg alone, that he should pay to the complainant the sum of seventy-five dollars within a given time, etc. No decree was rendered against the defendant, Frank Willenborg. An appeal was prayed by both the defendants below, and an appeal bond executed, with a condition reciting that the decree

appealed from was rendered against both Henry Willenborg and Frank Willenborg. The bond was signed by Henry Willenborg for himself, and by Frank Willenborg "by his agent, H. Willenborg."

At the January Term, 1865, of the Supreme Court, Mr. A. J. GALLAGHER, for the appellee, moved the court to dismiss the appeal — *first,* because it appeared from the record that the decree below was against Henry Willenborg alone, and not against both the defendants, as recited in the condition of the bond ; *second,* because it did not appear that H. Willenborg had authority to execute the bond, such authority being denied by affidavit.

Messrs. SMITH & LOWE, for the appellants, resisted the motion to dismiss the appeal, but entered a cross motion for leave to amend the appeal bond, in case it should be held insufficient.

Per CURIAM : The first objection to the appeal bond is well taken ; the condition in the bond recites a joint decree against both the defendants, when it appears from the record that the decree was against one of them alone, no decree whatever being rendered against the other. The recital in the condition should conform in that regard with the state of the case as it appears from the record.

In the second objection there is no force. The decree appealed from was, in fact, against Henry Willenborg alone, and he executed the appeal bond himself, so that it matters not that he had no authority to execute the bond on behalf of his co-defendant. Frank Willenborg had no occasion to take an appeal; indeed, he had no right to do so, as there was no decree against him and therefore nothing of which he could complain. His ineffectual attempt to take an appeal, or the joinder of his name in the appeal without authority, can in no way prejudice the rights of his co-defendant, who had the right of appeal from the decree rendered against him. The appeal bond is none the less obligatory upon Henry Willenborg,

because there was an improper joinder of another party in praying the appeal and in the execution of the instrument.

But, even if the decree had been rendered against both defendants, the result would not be different in considering the effect of the alleged want of authority on the part of Henry Willenborg to execute the bond on behalf of his co-defendant, because, under the provisions of the fifty-first section of the practice act (Rev. Stat. 1845, p. 420), either of the several defendants against whom a decree may be rendered may remove the suit to the Supreme Court by appeal or writ of error, and for that purpose had the right to use the names of all of said persons, if necessary. Conceding, then, the want of authority, as is contended, for the execution of the appeal bond in the name of Frank Willenborg, the *status* in this court of the party who had the right of appeal, is not at all affected thereby.

Notwithstanding the insufficiency of the bond, upon the first objection made, the motion to dismiss the appeal cannot be allowed, as the appellants have entered their cross motion for leave to amend the bond, which they may do under the act of 1859. Sess. Acts, p. 133.