## THOMAS HILEMAN

*v.*

## VIRGIL BEALE.

*Filed at Mt. Vernon January 25, 1886.*

| 115 | 355 |
| 35a | 52 |
| 35a | 548 |
| 36a | 564 |
| 115 | 355 |
| 41a | 58 |
| 115 | 355 |
| 152 | 217 |
| 115 | 355 |
| 68a | 399 |
| 115 | 355 |
| 168 | 617 |
| 115 | 355 |
| 71a | 490 |
| 115 | 355 |
| 73a | 669 |
| 74a | 385 |
| 115 | 355 |
| 175 | 88 |
| 79a | 643 |
| 115 | 355 |
| 179 | 84 |
| 115 | 355 |
| 85a | 531 |
| 115 | 355 |
| 87a | 157 |
| 115 | 355 |
| f189 | 1471 |
| 115 | 355 |
| 196 | 2 94 |
| 196 | 1163 |
| 115 | 355 |
| 207 | 2237 |
| 115 | 355 |
| 210 | 1603 |

1. APPEAL—*by several—some not joining in the appeal bond—effect on the appeal.* Two defendants joined in praying an appeal to the Appellate Court from a judgment against them in the circuit court, which was allowed upon condition that they enter into an appeal bond in a given sum, within thirty days, with security to be approved by the clerk of the circuit court. Only one of the defendants executed the bond, and he gave security which the clerk approved. On motion, the Appellate Court dismissed the appeal because both defendants did not unite in the bond: *Held,* that the dismissal of the appeal was proper.

2. SAME—*right of appeal generally—necessity of conforming to terms prescribed.* The right to an appeal is purely statutory, and a party to avail himself of the privilege must conform to the order of the court which the statute authorizes it to make. The court may authorize the clerk to approve the security, but he can not, with or without the order of the court, fix the terms of an appeal, or change or dispense with any that have been prescribed by the court. Either party to a judgment or decree may appeal separately, but to do so he must pray separately for the appeal, and obtain an order to that effect.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of Union county; the Hon. D. M. BROWNING, Judge, presiding.

Mr. JOHN M. LANSDEN, for the appellant.

Mr. ANDREW D. DUFF, for the appellee.

Mr. JUSTICE TUNNICLIFF delivered the opinion of the Court:

The appellee recovered a judgment in the Union circuit court, against appellant and Josiah Bean, jointly, for about $7000. Both joined in praying an appeal to the Appellate Court for the Fourth District, which was allowed upon condition of their entering into bond, in the sum of $10,000,

within thirty days, with security to be approved by the clerk
of the court. Both executed the appeal bond, but before it
was approved by the clerk, Bean erased his name, and there-
upon Beale procured other persons to sign the bond, and
the same was then approved by the clerk. In the Appellate
Court the appeal was dismissed, on motion of appellee, be-
cause the appeal bond was not signed by Bean, and, therefore,
not in compliance with the order of the court in granting the
appeal. Appellant brings the case to this court, and assigns
for error in the Appellate Court the dismissal of the appeal.

This appeal was properly dismissed. It was held by this
court as early as 1841, under a statute similar in all essential
particulars to the one now in force, so far as regards the
question here presented, that where a judgment was rendered
against two or more, and an appeal is prayed by all, and
granted upon condition of their entering into bond, the con-
dition and order must be complied with, or the appeal can
not be perfected. *Carson* v. *Merle et al.* 3 Scam. 168; and
followed by *Ryder et al.* v. *Stevenson,* id. 539; *Watson* v.
*Thrall,* 3 Gilm. 69; *Johnson* v. *Barber,* 4 id. 1.

The case of *Willenborg et al.* v. *Murphy, Admr.* 40 Ill. 46,
relied upon by appellant, holds only that where there was a
decree against only one of two defendants, but they having
joined in praying an appeal and in the execution of the appeal
bond, the bond will be good as to the one against whom the
decree was rendered, and that a mis-recital in the bond that
the decree was against both instead of only one, could be
corrected on cross-motion to amend, and thus obviate a dis-
missal of the appeal on motion made for that purpose. What
else was said in the opinion as to the right of one to perfect
an appeal from a judgment against two where they had joined
instead of severing in their prayer for an appeal, was *obiter
dicta.* In the subsequent case of *Propeller Niagara* v. *Martin,*
42 Ill. 106, it was again held that where an appeal is granted
on condition that the persons praying it shall execute the

bond, the persons so named must execute it, and that filing a bond executed by others will not avail.

The right to an appeal is strictly statutory, and a party, to avail himself of this privilege, must conform to the order of the court which the statute authorizes it to prescribe. The clerk may, by order of the court made at the time the appeal is prayed for and entered of record, approve of the security that may be offered on the bond, but he can not, either with or without the order of the court, fix the terms of an appeal or change or dispense with any that have been made by the court. The 71st section of the Practice act provides that where a judgment or decree shall be rendered against two or more persons, either one shall be permitted to remove such suit to the Appellate Court by appeal or writ of error, and for that purpose may, if necessary, use the names of the other parties to the suit. But this does not authorize the party praying an appeal to sign the name of other parties to the appeal bond. It is a very easy matter for parties to sever in their prayer for an appeal, or obtain an order that they or either be allowed to appeal, upon their or either of them executing bond in such sum and within such time, and conditioned as the court shall require, or as is provided by law, and with securities to be approved by the court or clerk. If litigants do not see proper to avail themselves of this right, they must content themselves with the prosecution of writs of error.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*