James H. Walker and Henry L. Hertz, Coroner,
v.
Milroy H. Gibson et al.

35    49
51    527

*Injunctions—Insolvency—Executions—Goods in Sheriff's Hands—Replevin—Writ of—Execution by Coroner—Credit—Fraudulent Representations—Receiver—Jurisdiction.*

1. Upon a bill filed praying for an injunction to restrain the coroner from executing a writ of replevin, under which it was sought to obtain possession of certain goods, and for the appointment of a receiver to take charge of the property and assets of a firm named, this court holds that the party in whose behalf said writ was issued, was a necessary party defendant to the bill in question, it being apparent that the object thereof was to prevent the recovery of the goods referred to in said writ.

2. In the case presented, it is *held:* That while the plaintiff in the replevin suit was not a party to the proceedings involving the appointment of the receiver, and that the order making such appointment had no application to him the coroner was such party, and the joinder of both in the appeal did not invalidate the same as to the latter, and that the order in question must be reversed, there being no allegations in the bill authorizing, as against the coroner, such appointment.

[Opinion filed December 2, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Oliver H. Horton, Judge, presiding.

On June 27, 1889, a bill was filed in the Circuit Court by appellee Gibson, setting out that he had been engaged with a partner named Hugh McCormick in the dry goods business in the city of Chicago; that on the 17th of June, 1889, said firm were in the possession of a certain stock of dry goods, which, with some debts due the firm, made the assets of the value of $10,000 to $12,000; that said firm was indebted to various parties to an amount exceeding the value of said assets, and that on said day said firm was insolvent; that on said June 17th some four judgments were recovered against said firm, and executions were issued on said judgments and delivered

to the sheriff and by him levied upon the said stock of goods;
that on June 18th a fifth judgment was recovered against said
firm and the execution issued thereon delivered to the sheriff,
so that said execution became a lien on said goods subject to
the prior lien of the said four executions; that said stock of
goods are in the possession of the sheriff, and are in good and
merchantable condition; that complainant is advised that
divers other proceedings have been taken by other creditors
of said firm for the purpose of acquiring liens on said goods.
Further shows that on June 20, 1889, after the levy of said
executions, one James H. Walker filed in the Supreme Court
a plaint in replevin wherein it is alleged that he is entitled to
the immediate possession of certain specified articles in said
plaint named, together with all other dry goods, notions, etc.,
belonging to said James H. Walker, then located in the said
store of said firm, and said Walker sued out of said court his
writ of replevin directed to the coroner, and delivered the
same to said coroner to execute, and said Walker now claims
and is attempting to take possession of nearly all of the goods,
chattels and property so contained in such store, under and by
virtue of said writ; that no considerable number of articles
named in said writ of replevin remain in said stock of goods
in the amounts and quantities described in said writ, but the
stock of goods levied upon by the sheriff consists largely of
broken packages and pieces of goods that will answer to the
description of goods described in said writ; that said coroner
proposes to execute said writ of replevin, and said sheriff
threatens to allow said coroner in the execution of the said
writ to enter the said store with clerks of said James H.
Walker and submit the goods to the inspection of said clerks,
and said coroner will levy said writ on such articles as said
clerks shall say were purchased of said Walker, without refer-
ence to the fact whether such goods are the articles of prop-
erty described in said replevin writ.

That portions of said stock of goods were bought by said
firm from said Walker and other portions of said stock were
purchased from others.   That Walker claims to be entitled
to the possession of the property in question, on the ground
that a member of said firm, for the purpose of obtaining goods

Walker v. Gibson.

for said firm on credit, made false and fraudulent representations, which now justify him, said Walker, in rescinding such sales and reclaiming the goods thus sold, which pretense on the part of said Walker is false and untrue; but Walker may obtain undue and illegal possession of the said goods through said writ of replevin. That goods now in the store of said firm purchased from said Walker have been partially paid for, and Walker has a note of the firm given in part payment for said goods which he has not offered to return. That if said Walker is permitted to take possession of said goods on said writ, he will mingle them with other goods and dispose of them, and that complainant will be deprived of an opportunity to inspect or identify the goods. Charges that the said action and proceedings on the part of Walker are for the purpose of hindering and delaying creditors of said firm, and so entangling the title, possession and identity of the property as to prevent the same from being available to liquidate the indebtedness of said firm; that Walker has not offered to credit said goods on any indebtedness existing from said firm to said Walker, and that if he shall obtain possession of the property said firm will be deprived of the benefit of having said goods applied to the payment of said judgment. Then follow allegations that the partnership should be dissolved, and the affairs wound up. All the judgment creditors are made parties defendant to the bill, as is also the sheriff and Hertz, the coroner, and an injunction is prayed for, to restrain the coroner from executing the said writ of replevin, and the appointment of a receiver is prayed to take possession of the property and assets of the firm, to be managed and disposed of under the direction of the court.

On June 27th, a receiver was appointed and an order entered, directing that all the assets of said firm in the hands of the complainants or defendants should be turned over to the receiver.

On July 27th, James H. Walker and H. L. Hertz prayed for an appeal from order appointing a receiver, and the appeal was allowed on a bond of $500, but a motion to stay the sale of the property by the receiver was denied.

Messrs. TRUMBULL, WILLITS, ROBBINS & TRUMBULL, for appellants.

Messrs. FREDERICK W. PACKARD, PERRY A. HULL and GEORGE S. HOUSE, for appellees.

MORAN, J. It is very apparent from an inspection of the bill, the substance of which is set out in the statement of facts, that James H. Walker was a necessary party, and the court should have entered no order on the bill which would affect the interests or rights of said Walker without requiring that he be made a party and given proper notice. The purpose of having a receiver, so far as such purpose is disclosed by the bill, was manifestly to obstruct said Walker in obtaining possession of goods claimed by him, through the regular remedy provided by law to accomplish that end. To prevent his obtaining his property by the appointment of a receiver, was the same as depriving him of it, and it was indispensable that he should be made a party that he might resist such appointment. Baker v. Backus, 32 Ill. 96.

The order of the court appointing a receiver is not indeed attempted to be defended here by the appellees, but they seek to avoid a review of the order by the suggestion that this court has obtained no jurisdiction of the matter under the appeal as perfected. Walker, it is said, was not a party to the suit, and hence had no right of appeal, and has no standing here on the appeal, and as the order granting the appeal allowed it to Hertz and Walker jointly, Hertz alone has no appeal here. As Walker was not a party to the suit the order was not against him. But it was against Hertz, and the fact that Walker joined in the appeal does not invalidate the appeal as to Hertz. The order of the court allowing the appeal on condition that Hertz and Walker should execute the bonds has been strictly complied with, and it is not suggested that there is any misrecital in the bond of the order appealed from. Willenborg v. Murphy, 40 Ill. 46.

Counsel contend that the above case is overruled in Hillman v. Beale, 115 Ill. 355, but we understand that the principle here applied is not only not overruled by said last mentioned

case, but that it is stated as the true point of the former decision.

The case is here, then, as the appeal of Hertz, and the order appointing the receiver must be reversed, as there is not an allegation in the bill which authorizes the appointment of a receiver as against him. It was his duty as an officer of the law, to execute the writ and deliver the property described in it if found by him, to the plaintiff in the replevin suit.

Every reason which exists to forbid the appointment of the receiver as against Walker, who was not a party, save the single one of notice, is also a reason why no receiver should be appointed under the allegations of this bill to prevent Hertz, as an officer, from executing his writ. The bill taken as a whole, furnishes no warrant or authority for the appointment of a receiver as against the judgment creditors or any person claiming a legal title to the goods as against the members of the firm or the sheriff. The order appointing the receiver will be reversed.

*Order reversed.*