## DAVID E. TOWN

*v.*

## JEANETTE HOWIESON.

*Opinion filed October 24, 1898.*

1. AMENDMENTS—*amendment after term must be based on some minute or memorial paper.* An amendment of an order for an appeal can be made at a subsequent term only from some minute or memorial paper from which it can be determined what the order really was.

2. SAME—*when minute of order for appeal does not authorize amendment allowing a severance.* A minute entered on the back of a draft for the decree in the words, "Appl. by def'ts" (naming them) "to Appl. Ct.—Bd. $300.—20 ds.," does not authorize the court to amend the order for appeal at a subsequent term so as to permit an appeal by one defendant alone, upon his separate bond.

3. PRACTICE—*party desiring to sever should obtain order to that effect.* Section 70 of the Practice act, (Rev. Stat. 1874, p. 783,) which permits one of several parties to appeal and use the names of the others, does not authorize the party appealing to sign the names of the others to the appeal bond, and if he desires to sever he should obtain an order to that effect.

4. SAME—*appellant must conform to the order allowing appeal.* An appeal by one joint defendant under an order of court purporting to allow the appeal to both defendants is properly dismissed by the Appellate Court where the appeal bond is signed only by the party appealing, and no effort is made to file a joint bond to conform to the order for appeal.

5. SAME—*when motion to allow writ of error must be denied by Supreme Court.* On appeal to the Supreme Court from a judgment of the Appellate Court dismissing the appeal because of appellant's failure to comply with the order for appeal, a motion to allow a writ of error and *supersedeas* upon the record and appellant's printed abstract and brief must be denied, as addressed to the wrong court.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

CHARLES PICKLER, for appellant.

JAMES A. PETERSON, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

The question here is, whether or not the Appellate Court erred in dismissing the appellant's appeal to that court. There was a decree of foreclosure of a deed of trust on real estate against appellant and Nathan Silverman at the October term, 1897, of the circuit court of Cook county. Upon the back of the draft of the decree the following minute of an order for appeal was endorsed: "Appl. by def'ts David E. Town and Nathan Silverman to Appl. Ct.—Bd. $300.—20 ds." In entering the decree the clerk wrote up the order for appeal thus: "And thereupon said defendants, David E. Town and Nathan Silverman, pray an appeal from this decree to the Appellate Court in and for the First District of Illinois, which is granted on condition that said defendants do file herein a good and sufficient bond, in the penal sum of $300, within twenty days, with sureties to be approved by the clerk of this court." Within the time Town presented his separate appeal bond, had it approved by the chancellor and filed it with the clerk, and the transcript was duly filed in the Appellate Court. Afterward, appellant moved the Appellate Court for leave to amend the appeal bond, in what respect the record does not show, but shows only the motion and that it was denied. Afterward, on the same day, on suggestion of a diminution of the record, appellant's motion for leave to supply the same instanter and to assign additional errors was allowed and the order was complied with. Thereupon, on motion of the appellee, the appeal was dismissed. The supplemental record, upon which error was also assigned, shows that at the April term, 1898, of the circuit court, appellant moved to amend the order for appeal of that court to conform to the minute on the draft of the decree, appellant contending it allowed an appeal by him on filing his separate bond, approved by the chancellor. The chancellor en-

tered an order amending the order previously entered in no respect except that the appeal bond should be approved by the chancellor. When this supplemental record was filed the only effect it had was to cure the defect in the approval of the bond, it having been approved by the chancellor instead of the clerk.

The motion to amend had been denied and was not thereafter renewed, and leave was not asked to file a new or sufficient bond conforming to the order. The record does not show, beyond the prayer for appeal, any attempt whatever by the defendant Silverman, or on his behalf, to take or to join in an appeal, but, on the contrary, an attempt by Town, only, to perfect his separate appeal. Upon this state of the record we are not called upon to decide whether or not it would have been error had the Appellate Court refused leave to file a good and sufficient bond on behalf of both defendants below, under section 69 of the Practice act, which provides that "no appeal to the Supreme or Appellate Court shall be dismissed by reason of any informality or insufficiency of the appeal bond, if the party taking such appeal shall, within a reasonable time to be fixed by the court, file a good and sufficient bond in such cause, to be approved by the said court." No such leave was asked or bond offered. There was therefore no error in denying appellant's motion to amend the bond.

The only remaining questions are, did the circuit court err in refusing to amend the order of appeal so as to permit appellant to take his separate appeal, and did the Appellate Court err in dismissing the appeal as the record then stood. At the subsequent term at which the motion to amend was made, the amendment could be made only from some minute or memorial paper from which it could be determined what the order made by the court really was. (*Gebbie* v. *Mooney*, 121 Ill. 255; *Culver* v. *Cougle*, 165 id. 417.) The court observed this rule in making the amendment, and the amended order conformed to the

minute of the order of appeal endorsed on the decree as filed. The meaning of this minute or memorandum was that the defendants jointly prayed an appeal. Nor was there any showing made for an appeal by Town alone, but the court was only asked to interpret the minutes as allowing such severance. The court did not err in refusing to amend the order so as to allow appellant to appeal separately. Such an order would have been a different one from the order actually made by the court as shown by the minute, and the statute does not authorize appeals by piecemeal. The Appellate Court then properly dismissed the appeal. As said in *Hileman* v. *Beale,* 115 Ill. 355, "the right to an appeal is strictly statutory, and a party, to avail himself of this privilege, must conform to the order of the court which the statute authorizes it to prescribe." And as there further said, the section of the Practice act allowing one of several parties to appeal and to use the names of the other parties does not authorize the party appealing to sign the names of the other parties to the appeal bond, and a party desiring to sever should obtain an order to that effect. See, also, among others, *Tedrick* v. *Wells,* 152 Ill. 214, and *Hammond* v. *People,* 164 id. 455. In the latter case the decree provided for a severance, the appeal by one purported to be on behalf of all, and a motion for leave to file a sufficient bond was allowed.

Appellant has made a motion to allow a writ of error and *supersedeas* upon the record and supplemental record, and upon his printed abstracts and briefs. This motion is addressed to the wrong court, (*Holden* v. *Herkimer,* 53 Ill. 258, *Haines* v. *People,* 97 id. 161,) and must be denied.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*