## William H. Bartlett and Frank P. Frazier v. John Keating.

1. APPEALS—*By Several Defendants Jointly.*—Under the terms of our statute, one of several parties to a judgment may appeal, and for that purpose may be permitted to use the names of the parties not desiring to join in the appeal; yet when several defendants pray an appeal jointly, and it is allowed to them jointly, and the appeal is sought to be perfected by a part only, the effort to thus perfect the appeal is unavailing.

2. SAME—*One of Several Defendants May Join Others, etc.*— All the plaintiffs or defendants in the original suit, who are alive, must join in the appeal or writ of error, and it is competent for one to join the others without their consent.

3. SAME—*Reasons for the Rule.*—The reasons for this rule are, the writ must agree with the record, and if one of a number of plaintiffs, or one of a number of defendants, who have not distinct and several interests, should be permitted to appeal or bring a writ of error, every one might do the same, and such a practice would tend to multiply suits.

4. SAME—*When the Parties Must be Summoned.*—If the parties whose names are thus used by a co-plaintiff or co-defendant choose to abide an erroneous judgment, and refuse to appear and assign errors, they must be summoned and severed, and then after the severance the writ may be prosecuted in the name of such co-plaintiff or co-defendant.

5. SAME—*The Right Statutory.*—The right to an appeal is strictly statutory, and a party, to avail himself of such right, must conform to the order of the court which the statute authorizes it to prescribe.

Bartlett v. Keating.

Assumpsit, for grain sold and delivered. Appeal from the Superior Court of Cook County; the Hon. Philip Stein, Judge, presiding. Heard in this court at the March term, 1898. Dismissed. Opinion filed January 9, 1899.

George P. Merrick, attorney for appellants.

James Maher and J. W. Downey, attorneys for appellee.

Mr. Justice Sears delivered the opinion of the court.

The record shows a judgment in the court below against three—the two appellants and one Daniher. It shows, also, an appeal to this court, prayed by and allowed to all three of the judgment defendants. But the appeal is prosecuted by two only, and in their names alone.

Appellee asks that the appeal be dismissed. Upon this state of the record we think that this must be done. While, under the terms of our statute, one of several parties to a judgment may appeal, and for that purpose may be permitted to use the names of the parties not desiring to join in the appeal, yet when several defendants pray an appeal jointly, and it is allowed to them jointly, and the appeal is sought to be perfected by a part only, the effort to thus perfect the appeal is unavailing. McIntyre v. Sholty, 139 Ill. 171; Town v. Howieson, 175 Ill. 85.

In the former case the court said:

"All the plaintiffs or defendants in the original suit who are alive, must join in the writ of error, and it is competent for one to join the others without their consent. The reasons for this rule are, that the writ must agree with the record, and that, if one of a number of plaintiffs, or one of a number of defendants, who have not distinct and several interests, should be permitted to bring a writ of error, every one might do the same, and such a practice would tend to multiply suits. If the parties whose names are thus used by a co-plaintiff or co-defendant choose to abide an erroneous judgment, and refuse to appear and assign errors, they must be summoned and severed, and then after the severance the writ may be prosecuted in the name of such co-plaintiff or co-defendant."

In the latter case the court said, quoting from Hileman v. Beale, 115 Ill. 355:

" The right to an appeal is strictly statutory, and a party, to avail himself of this privilege, must conform to the order of the court which the statute authorizes it to prescribe."

In the case under consideration, the order of the court allowed an appeal to all three of the judgment defendants. No such appeal has been perfected.

The appeal is dismissed.