## Mrs. E. F. Bamberger v. John H. Golden.

1. APPEALS—*By Joint Defendants.*—Where two defendants join in praying an appeal, which is allowed on condition that they enter into an appeal bond in a given sum within a certain time, one alone can not perfect the appeal.

2. SAME—*Separate Appeals.*—If a party desires a separate appeal he must pray for it and obtain an order accordingly.

3. TRIALS BY THE COURT—*Questions of Fact.*—Where questions of fact are involved in a controversy the same importance should be attached to the findings of the trial court as to the verdict of a jury.

Forcible Detainer.—Appeal from the Circuit Court of Woodford County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

ISAAC J. LEVINSON, JOS. A. WEIL and W. L. ELLWOOD, attorneys for appellant.

QUINN & QUINN, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was an action of forcible detainer, brought by appellee to recover the possession of property situated in the city of Minonk, known as Dasher Hotel.

The suit was originally commenced against appellant and her husband, A. Bamberger. On a trial before the justice of the peace and a jury both defendants were found guilty and appealed to the Circuit Court, where the case was tried *de novo*, resulting in a disagreement of the jury. At a subsequent term of court a jury was waived and the cause tried by the court; both defendants were found guilty and judgment rendered accordingly, from which judgment both defendants prayed an appeal to this court. Appellant E. F. Bamberger alone perfected an appeal.

Had a motion been made to dismiss the appeal, we should have felt it our duty to sustain it under the authority of Hileman v. Beale, 115 Ill. 355.

It is the well settled law of this State that where two defendants join in praying an appeal, which is allowed on condition that they enter into an appeal bond in a given sum within a certain time, one alone can not perfect an appeal. If a party desires a separate appeal he must pray for it and obtain an order accordingly. But in this case, as both parties have submitted the case on its merits, we have so considered it, regardless of the informality of the appeal.

It appears from the evidence that on June 2, 1892, the then owner of the property in controversy, William P. Dasher, executed a lease of the premises to appellant, for a term of five years, from July 1, 1892, to July 1, 1897. Appellant and her husband, A. Bamberger, went into the possession of the premises in the latter part of June, 1892. Subsequently appellee purchased the property, and appellant attorned to him as landlord during the remainder of the term of five years. The controversy between the parties arises as to the conditions or agreement, or lack of agreement, upon which appellant continued to hold the premises after the expiration of the five-year lease.

There is no dispute that appellant and her husband tried to obtain a new lease of the property, but there is a serious conflict in the evidence as to what was agreed upon between the parties. Appellant's testimony is that appellee agreed to let her have the occupancy of the hotel property for one year from July 1, 1897. Appellee denies this and insists he only agreed to allow appellant and her husband to retain the possession of the property from month to month, and that he would give them a ninety-day notice to quit in case he wanted the possession.

Appellant remained in the possession of the hotel for two months after the expiration of the five-year lease, and appellee then served upon the defendants a notice dated August 25, 1897, notifying them to deliver up possession on December 1, 1897. There is a conflict in the evidence as to when this notice was served, appellee swearing it was served by him on August 25, 1897, and appellant's husband testifying that it was not served until September 9th following. As to the questions of fact involved, the same

importance should be attached to the findings of the trial court as to the verdict of a jury, inasmuch as it heard and saw the witnesses, and was in a better position to judge of their credibility than we can possibly be. While the questions of fact were close, upon the evidence, we can not say the trial court came to a wrong conclusion.

It is quite clear from the evidence that appellee refused to make a new lease, and if the tenancy was not one from month to month, as sworn to by appellee, then we think the notice to deliver up possession was sufficient, even if the minds of the parties never met upon any certain or definite agreement.

Appellant's position is that by holding over and paying rent, a tenancy from year to year was created, and that the notice was therefore insufficient. We think under the evidence this position is untenable. The notice given was not to quit, but to surrender possession on December 1, 1897, in accordance with the ninety-day agreement sworn to by appellee, under which appellant had a right to occupy all of November 30th.

The judgment of the court below was against both defendants, and that is assigned for error. So far as A. Bamberger is concerned, by his failure to join in the appeal, he had no right to join in appellant's assignments of error and he has no right to have them considered. For the same reason appellant can not complain of any wrong done to her husband by the judgment, even if it were done, which we are not called upon to decide.

On the whole we are of the opinion that the judgment was right, and it will be affirmed.