### National Commission Co. v. P. E. Lane, use of, etc.

1. APPEALS—*Must Conform to the Order Allowing Them.*—An appeal must conform to the order allowing it.

Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1900. Dismissed. Opinion filed October 10, 1901.

COLIN C. H. FYFFE, attorney for appellant.

KING & O'CONNOR, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Hamilton and Young, judgment creditors of P. E. Lane to the amount of $1,470 and costs, sued out, in Lane's name, a summons in garnishment on the judgment against appellant, the National Commission Company, as garnishee. Interrogatories were filed and appellant stated in answer to the first interrogatory, that at the time of service on it of the writ, and also at the time of filing its answer, October 4, 1899, it was indebted to P. E. Lane or to William H. Sheibner in the sum of $851.33; that the account stood in the name of said P. E. Lane, but was claimed, and for some time past had been claimed, by both Lane and Sheibner, to be due to Sheibner.

October 11, 1899, Lane and Sheibner filed in the cause the following :

National Commission Co. v. Lane.

"State of Illinois,  } ss.
   County of Cook.   }

In the Superior Court of Cook County.
October term, A. D. 1899.

P. E. Lane, for the use of Tunis ⎤
   Young and Isaac Miller Ham- ⎟
   ilton,                        ⎟   Gen. No. 201,349.
              vs.                ⎬   Term No. 7855.
National Commission Company,     ⎟
          Garnishee.             ⎦

We, P. E. Lane and W. H. Sheibner, do hereby severally enter our appearance in the above entitled cause for all purposes, waiving the issuing and service of process upon us, and consent that all proceedings may be had against each of us the same as if we had been duly and regularly served with the proper service of said court more than ten days prior to the first day of the said term of the said court; we do hereby severally stipulate that we are the identical persons mentioned in the answer of the said National Commission Company; and we do each of us hereby waive any and all claim to the sum of $851.33 mentioned in the said answer of the said National Commission Company, and do each hereby consent to the entering of judgment in this cause against said National Commission Company for the said amount of $851.33 in favor of the said Tunis Young and Isaac Miller Hamilton.

                              P. E. Lane,
                              William H. Sheibner.

In the presence of Hoyt King, Geo. E. Weese."

Attached to the foregoing document was a notary's certificate of acknowledgment in the usual form.

At the same date, October 11, 1899, the court, on motion of the plaintiff's attorney, entered final judgment in favor of Lane, for the use of Hamilton and Young against the garnishee, the National Commission Company, for the sum of $851.33. November 4, 1899, at the October term of the court, appellant moved to set aside the judgment, which motion was continued from time to time, and was finally heard and overruled April 7, 1900. Certain affidavits, which were sworn to February 9, 1900, were filed in support of the motion. Next following the order overruling the motion is the following:

" To which the defendant excepts. Whereupon the defendant, having entered its exceptions herein, prays an appeal from the judgment of this court to the Appellate Court in and for the first district of Illinois, which is allowed upon filing its appeal bond herein, in the sum of six hundred dollars, to be approved by the court," etc.

No appeal was prayed during the October term from the judgment rendered October 11, 1899, at that term. The appeal bond filed recites that the appeal is from the judgment rendered October 11, 1899, of the October term, 1899, for the sum of $851.33. The appeal prayed and obtained was either from the judgment of October 11, 1899, as appellant, by its appeal bond, has assumed, or from the order of April 7, 1900, at the April term, 1900, of the court, and appellant is in this dilemma: If the appeal prayed and allowed was from the judgment of October 11, 1899, the allowance of the appeal was invalid and the appeal must be dismissed, because no appeal was prayed or allowed at the October term, or until April 7th, a day of the April term, which was the sixth term after that at which the judgment was rendered, and by section 67 of the practice act, appeals are allowed only on condition that " such appeals shall be prayed for and allowed at the term at which the judgment, order or decree was rendered." If the appeal prayed for and allowed was from the judgment of April 7, 1900, overruling appellant's motion to vacate the judgment of October 11, 1899, which we think it was, the presumption being in favor of the validity of the court's action in the premises, and such appeal being the only one in the case which the court had jurisdiction, at the April term, to allow, then the appeal must be dismissed, because the appeal actually taken, as appears from the appeal bond, is from the judgment of October 11, 1899.

An appeal must conform to the order allowing it. Town v. Howieson, 175 Ill. 85, 86.

The appeal will be dismissed.