PETER FORTUNE
v.
JAMES H. GILBERT.

*Opinion filed February 17, 1904.*

APPEALS AND ERRORS—*an appeal must be in conformity with prayer and order of allowance.* An appeal must be dismissed which was prayed and granted to the several parties jointly but which was perfected by only one of them.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

This is an action of debt, brought in the superior court of Cook county by James H. Gilbert, who sues for the use of Kate McGuire, administratrix of the estate of Robert McGuire, deceased, against Catharine McGuire, Patrick O'Toole, Cornelius Hickey and Peter Fortune, upon a *supersedeas* bond signed by the defendants below, conditioned that they would prosecute a certain writ of error with effect, and pay the plaintiff mentioned in the bond whatever judgment should be rendered against them should the cause be affirmed. Peter Fortune and Cornelius Hickey demurred to the declaration and the demurrer was overruled. On November 21, 1899, Peter Fortune and Patrick O'Toole filed their plea, and on November 22 Cornelius Hickey filed his plea, and on November 23 replication was filed to the pleas of Peter Fortune, Patrick O'Toole and Cornelius Hickey, and on the same day, upon proper affidavit, the cause was placed upon the short-cause calendar, and on January 9, 1900, Catharine McGuire was defaulted. After the cause had been placed upon the short-cause calendar, and upon the same day, plaintiff amended the declaration in the case. Rule 18 of the superior court, as shown by the bill of exceptions, provides that no cause shall be noted for trial

on the short-cause calendar until the same is at issue.
The cause, however, was at issue when placed upon the
short-cause calendar, except as to Catharine McGuire,
who had long before that time been served with summons
but had not pleaded and her default had not been entered.

On February 19, 1900, the cause was called for trial
on the short-cause calendar, and the defendants Patrick
O'Toole, Cornelius Hickey and Peter Fortune moved to
strike the cause from the short-cause calendar, upon the
ground that it had been placed there before issue joined.
This motion was overruled. Trial was had before a jury,
who rendered a verdict for plaintiff below for the sum
of $4100 debt and $2256.60 damages. The cause was
appealed by all the defendants below to the Appellate
Court for the First District, and on the 20th day of Feb-
ruary, 1901, the cause was taken under advisement by
the Appellate Court, and on the 4th day of January, 1902,
a judgment was entered affirming the judgment below,
and an appeal was prayed to this court but was not per-
fected. On the 18th day of March the appellant moved
to set aside the judgment of affirmance in the Appellate
court and suggested the death of Patrick O'Toole, one
of the defendants, and to continue the cause to the Octo-
ber term, 1902, of said Appellate Court. This motion was
allowed, and on the 10th day of March, 1903, appellee
moved the court to affirm the judgment of the superior
court, but that motion was then denied, and afterwards,
on the 28th of April, 1903, the Appellate Court further
considered said cause and affirmed the judgment, from
which affirmance the record shows an appeal was prayed
by the defendants, the order of the court being: "This
day came appellants, by their counsel, and moved the
court for an appeal from the order or judgment of this
court in said cause to the Supreme Court of Illinois, and
the court being fully advised in the premises, doth order
that an appeal be allowed herein to the said Supreme
Court on condition that appellants do, within twenty

days from this date, execute and file in said cause a good and sufficient appeal bond, conditioned according to law in the penal sum of $3000, with surety thereto to be approved by the court." An appeal bond was executed and presented to the court in the proper sum, signed by Peter Fortune alone, with Francis Salter as surety. The bond was approved and the record brought to this court, and appellee, at the October term of this court, 1903, and before said cause was taken, moved the court to dismiss said appeal upon the ground that the judgment of the Appellate Court was against the three surviving defendants, Catharine McGuire, Cornelius Hickey and Patrick Fortune, and that as the prayer of the appeal was by all the living defendants and the appeal was perfected by only one of them, the appeal was improperly taken and should be dismissed. This motion was reserved to the final hearing.

The only error assigned in the Appellate Court and in this court is the refusal of the court to strike said cause from the short-cause calendar.

M. H. HOEY, and ALBERT H. MEADS, for appellant.

MORAN, MAYER & MEYER, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

The motion to dismiss the appeal will be allowed. The right of appeal is a statutory right, and can only be availed of when allowed by the court, and must then be in conformity to the prayer for appeal and the order of allowance. Here the appeal was prayed and granted to three of the parties jointly and perfected by only one of them. It is not in compliance with the prayer or order of appeal. *Carson* v. *Merle,* 3 Scam. 168; *Hileman* v. *Beale,* 115 Ill. 355; *Ellison* v. *Hammond,* 189 id. 470; *Tedrick* v. *Wells,* 152 id. 214; *Town* v. *Howieson,* 175 id. 85.

*Appeal dismissed.*