The Chicago and Northwestern Railway Company,
Appellee, *vs.* Lucy M. Glos, Appellant.

*Opinion filed February 19, 1909—Rehearing denied April 9, 1909.*

1. Appeals and errors—*when action of the court in making amendment will be presumed to be in accordance with the law.* The action of the court in amending, after the term, an order allowing an appeal to the Appellate Court by making it read "to the Supreme Court" will be presumed to be correct and in accordance with the law, where there is no bill of exceptions taken at the time of the amendment showing that the court did not have any minute or memorandum in writing authorizing the amendment.

2. Same—*appeal from order disposing of condemnation fund is proper.* An appeal from a final order disposing of a condemnation fund is proper, although an appeal was also taken from a previous finding of the court on the question of title which contained no order for the payment of money and nothing in the form of an order of distribution.

3. Eminent domain—*when the defendant must establish her claim.* Where a petition to condemn land and a leasehold estate makes the holder of a tax deed to the leasehold estate and improvements a party, without stating the nature of her interest or admitting the existence of any title in her, it is for her to establish her claim by proof that there was a leasehold estate and improvements covered by the tax deed.

4. Same—*when holder of tax deed to leasehold cannot contest ownership of the fee.* In a proceeding to determine the interests of parties in condemnation money awarded by the jury to the owners of the fee and the leasehold, a holder of a tax deed to the leasehold cannot contest the ownership of the fee with such owner unless she proves the existence of a leasehold estate under some other alleged owner, otherwise she has no standing to object to the owner's offered evidence of title.

5. Same—*when claim to condemnation money by holder of tax deed is not established.* A claim to condemnation money by the holder of a tax deed covering only a leasehold interest and improvements is not established where, by her own objections, the only evidence presented to show there ever was any leasehold estate which could be sold for taxes or which could have been conveyed by her tax deed is excluded.

Appeal from the Superior Court of Cook county; the Hon. Axel Chytraus, Judge, presiding.

John R. O'Connor, for appellant.

Wilson, Moore & McIlvaine, for appellee.

Mr. Chief Justice Cartwright delivered the opinion of the court:

The appellee, Chicago and Northwestern Railway Company, filed in the superior court of Cook county its petition to ascertain the compensation to be paid for various tracts of land in the city of Chicago for a passenger station, including lot 9, except the east sixty-six feet thereof, in block 50 of the original town of Chicago. The petition alleged that the record title was in the city of Chicago in trust for the use of schools, with the beneficial interest in the board of education; that Otto R. Pabst and Samuel Flower appeared of record to be lessees of the premises, and that other persons, including appellant, Lucy M. Glos, were interested in the tract. Appellant appeared and filed her answer *pro se*, denying specifically and categorically the averments of the petition, and praying that if the petitioner be permitted to proceed and acquire title to the tract it should be required to make compensation to her and pay her damages. This answer not being in accordance with any statute or rule of practice was ignored by the court. There was no determination before the trial as to the respective interests of the persons or corporations named in the petition as owners or interested in the premises. The jury returned a verdict on April 8, 1908, fixing the compensation to be paid at $68,264.34, and distributing the same as follows: To the owner, subject to the leases mentioned in the verdict, $68,264.32; to the owner of a leasehold under a lease from the board of education dated January 2, 1907, one cent; and to the owner of a leasehold under a lease from said board dated December 12, 1906, one cent. Afterward appellant was notified by the board of education that the board would ask for an order for the

payment of the compensation money to it, and on June 13, 1908, the board and appellant appeared before the court in pursuance of the notice. The appellant offered in evidence a deed executed by the county clerk of Cook county to Henry L. Glos of "leasehold estate and improvements on" the premises in question in pursuance of a sale for taxes made in 1899 and two tax receipts showing payment of taxes by said Henry L. Glos. She also proved the death of Henry L. Glos and that she was the sole devisee under his will. The board of education offered evidence that it was the owner of the fee in the premises by donation from the commissioners of the Illinois and Michigan canal to the city of Chicago for the use of schools, in accordance with acts of the legislature. To this evidence the attorney for appellant objected, but we will not consider whether the objection was good or not, for the reason that appellant did not claim any title or interest in the fee and had no standing to make the objection. The petition did not state the nature of appellant's interest nor admit the existence of any title in her, and it was for her to establish her claim by proof that there was a leasehold estate and improvements covered by the tax deed. There could be no contest between appellant and the board of education as to who owned the fee unless appellant proved the existence of a leasehold under some other alleged owner, and no such proof was made. The evidence upon which appellant based her claim to a part of the compensation consisted only of the tax deed and receipts for taxes. The board of education offered in evidence a lease and supplemental lease of the premises made by said board to certain lessees for a term expiring May 8, 1985, but the attorney for appellant objected to the leases as immaterial, irrelevant and incompetent, and he added a variety of other specific objections. The court sustained the objections and excluded the leases. On June 15, 1908, judgment of condemnation was entered, ordering that upon payment of the compensation for said

premises to the county treasurer of Cook county, for the benefit of the owner or owners and the lessees named in the verdict, the petitioner should have the right to enter upon the property for the uses and purposes in the petition set forth. On the same day the court, upon consideration of the evidence concerning title, made a finding that the board of education alone was interested in the property, and that appellant had no interest in the same or the improvements thereon and was not entitled to share in the fund. On June 19, 1908, appellant moved the court to set aside the verdict of the jury and grant a new trial, which motion the court denied, and appellant then excepted to the judgment of condemnation and prayed an appeal, which the court refused because the court had decided against her on the question of title. The appellant excepted to the finding that she had no interest in the premises and prayed an appeal from that finding, which was allowed by the court on her giving a bond in the sum of $250 within twenty days. The court thereupon entered an order that the county treasurer pay to the board of education the compensation awarded to the owners of the premises, and appellant again prayed an appeal, and an order was entered allowing the appeal to the Appellate Court for the First District on appellant giving a bond in the sum of $250 within twenty days. On July 9, 1908, appellant presented two bonds to the court for the purpose of perfecting her appeals, and the order allowing the appeal to the Appellate Court was then amended by striking out the words "Appellate Court" and substituting the words "Supreme Court." The time for filing the transcript of the record was extended in vacation by one of the justices of this court to October 15, 1908, and the record was filed within the time as extended.

The appellee made its motion to dismiss the appeal, and the motion was reserved to the hearing and taken with the case for decision. The ground of the motion is that the court had no right to change, at a subsequent term, the

order allowing an appeal to the Appellate Court and to substitute an appeal to this court. The bill of exceptions taken by the appellant shows merely a prayer for an appeal and no particular court was named, but the order as entered allowed an appeal to the Appellate Court. Appellee insists that the bill of exceptions shows that the court, in amending the order, had nothing in writing, by way of memorandum, memorial paper or otherwise, for correcting an error, and that the case comes within the decision in *Town* v. *Howieson,* 175 Ill. 85. It is true that the record does not show that the court had any memorandum, memorial paper or other writing to authorize the amendment or reformation of the order, but it does not show that there was no such writing. The action of the court is presumed to be correct and in accordance with the law, and there is no bill of exceptions taken at the time of the amendment showing that the court did not have any minute, memorial paper or memorandum in writing authorizing the amendment which indicates a change for the purpose of correcting the order by freeing it from an error or defect. The first appeal was from a mere finding which contained no order upon the treasurer for the payment of the money and nothing in the form of an order of distribution, but there is only one record and the appeal from the final order disposing of the fund was proper. The motion to dismiss is denied.

On the hearing the attorney for appellant objected to everything that was done and to each item of evidence offered by the board of education, and succeeded in excluding the only evidence presented that there ever was any leasehold which could have been sold for taxes in 1899 or which could have been conveyed by the tax deed. The appellant's claim of title covered only a leasehold interest and improvements, and if no leasehold ever existed or the leasehold had lawfully come to an end her title was gone. Her right to re-imbursement for the amount of the tax sale and subse-

quent taxes paid attached only to a leasehold interest and improvements, and in the absence of any proof that there was a leasehold her claim was not established.

The judgment is affirmed.

*Judgment affirmed.*