David H. Roblin, Appellee, v. Illinois College of Commerce et al., On Appeal of Athenaeum Business College, Appellant.

Gen. No. 16,472.

1. APPEALS AND ERRORS—*how joint appeal cannot be perfected.* An appeal prayed for and allowed to two jointly cannot be prosecuted by one alone.

2. MUNICIPAL COURT—*when without jurisdiction to amend record.* After the lapse of thirty days after judgment the Municipal Court loses jurisdiction to amend its record unless the motion to amend is upon notice and the amendment made is supported by a memorial.

3. AMENDMENT OF RECORD—*jurisdiction to make amendment must appear, when made after close of term.* When courts, after the parties have departed without day and after the judgment term amend a record, i. e., exercise their corrective power, the jurisdiction so to do must exist and the order or record of such proceeding, in order that the same be valid, must show the jurisdictional basis for making the order, namely, notice or presence of parties, and the grounds or basis whereupon the court acted in amending.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Motion to dismiss allowed. Opinion filed April 8, 1910.

DANIEL W. SCANLAN, for appellant.

ROBERT A. MEIER, JR., and L. L. SMITH, for appellee.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

David H. Roblin, appellee, on March 10, 1910, moved this court to dismiss this appeal because, as the record shows, the judgment appealed from, rendered on January 8, 1910, was rendered against two parties who jointly prayed for and were allowed an appeal, while this appeal is prosecuted by only one of them. An appeal prayed for and allowed to two jointly cannot be prosecuted by one alone. Bartlett v. Keating, 79 Ill. App. 642; Hileman v. Beale, 115 Ill. 355; Bamberger v. Golden, 87 Ill. App. 156, and numerous other cases.

However, on March 11, 1910, appellant suggested diminution of the record and obtained leave to supply. This was for the purpose of supplying an omission in the record which would show a correction of the record to the effect that the appeal had been prayed for and allowed to the appellant Athenaeum Business College, only. Accordingly a supplemental record was filed on March 15, 1910. The next day, March 16, appellee presented his additional motion herein to strike the supplemental record filed, on the ground that the same fails to show that the court below had either jurisdiction of the person of appellee, at the time the order was made, or the power or authority to make the order appearing thereby to have been made on March 11, 1910.

A judgment rendered in the Municipal Court is final after the expiration of thirty days from its rendition. A circuit court loses jurisdiction over the parties, the subject-matter and the case with the expiration of the term at which the judgment is rendered, likewise the Municipal Court with the expiration of the thirty days.

Courts, however, may, after the expiration of the term, by a *nunc pro tunc* order or otherwise, correct their records so that they will speak the truth. But this corrective jurisdiction, whereby judgments and orders previously made may be altered from what they appear to be, by which appearance third parties may have acquired rights, cannot be exercised without notice nor can it be exercised without the basis or foundation required by the law for making the correction. Wesley Hospital v. Strong, 233 Ill. 153; McKay v. People, 145 Ill. App. 277. And the parties having previously departed without day, the record of the proceedings subsequent to the judgment must show proper notice as well as the bases or facts upon which the correction was made, that is, if upon memoranda kept, the nature of the memoranda so as to indicate that they were of the kind upon which the law permits corrections to be made. The order of March 11 fails in these

respects. It neither shows that the court had jurisdiction of appellee by notice nor that the court had power to correct by reason of the existence of such memoranda as the law requires or otherwise. The service of requisite notices may be presumed while the court has jurisdiction generally over the parties, but not after the parties have been dismissed without day.

The supplemental record filed March 15, 1910, will be stricken and the motion to dismiss this appeal will be. allowed.

*Motion to dismiss appeal allowed.*