## Lena Bieber, Appellee, v. Fred Thoma et al., Appellants.

### Gen. No. 19,790.

1. APPEAL AND ERROR, § 113*—*when appeal may be dismissed for failure of one defendant to sign appeal bond.* Where the record does not show that all the persons who joined in a prayer for an appeal signed the appeal bond, the appeal may be dismissed.

2. APPEAL AND ERROR, § 936*—*when amendment of record unauthorized.* At a subsequent term, an order of the trial court amending a previous order *nunc pro tunc* so as to show that an appeal was separately prayed, *held* to be of no force and effect where the minutes, files, records or papers offered in evidence did not prove or tend to prove that the record of the previous order was incorrect.

3. APPEAL AND ERROR, § 936*—*when recital in a bill of exceptions no basis for amendment of record.* A court at a subsequent term

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

cannot change, amend or correct an order entered of record and which is required by statute to be entered of record, by a mere recital in a bill of exceptions.

Appeal from the Superior Court of Cook county; the Hon. Henry V. Freeman, Judge, presiding. Heard in the Branch Ap-Appellate Court at the October term, 1913. Appeal dismissed. Opinion filed April 23, 1914.

F. H. Novak and Charles Hughes, for appellants.

Gallagher & Messner, for appellee.

Mr. Presiding Justice Fitch announced the decision of the court.

A motion has been made by appellee to dismiss the appeal in this case upon the ground that the order granting the appeal was not complied with, in this: That while the appeal was prayed by and allowed to both defendants, the appeal bond was signed by only one of the defendants.

The rule is well settled that the right of appeal is purely statutory and can only be exercised in the manner provided by statute; that, for this reason, the record must show that an appeal has been perfected in strict conformity with the order of the court granting the appeal; and that if a joint appeal is prayed and allowed, all who have joined in the prayer must sign the appeal bond, or the appeal will be dismissed on motion. *Fortune v. Gilbert,* 207 Ill. 235; *Lingle v. City of Chicago,* 210 Ill. 600; *First Cong. Church of Harvard v. Page,* 255 Ill. 267; *Ellison v. Hammond,* 189 Ill. 471; *Town v. Howieson,* 175 Ill. 85.

The judgment appealed from was rendered against Fred Thoma and Otto Thoma in the Superior Court on April 7, 1913. The transcript of the record, as originally filed in this court, shows that on the same day the "defendants" prayed an appeal to this court, which was allowed "upon filing their appeal bond herein in the sum of $5,000, to be approved by the court within thirty days from this date." The transcript further shows that on April 21, 1913, an appeal

bond was filed in the office of the clerk of the Superior Court in the sum of $5,000, signed by Fred Thoma and two sureties, conditioned that said Fred Thoma should prosecute his appeal with effect, etc., which bond was marked: "Approved, Henry V. Freeman, Judge Superior Court of Cook County." On the same day, an order was entered as follows: "This day come the defendants herein, by their attorney, and present to the court their appeal bond for approval and said appeal bond is duly approved, signed and filed by the court." No bond signed by both defendants appears in the transcript. Under the authority of the cases above cited, the motion must necessarily be allowed, unless the error was cured by the supplemental transcript of the record, which was filed in this court pending the hearing of this motion.

The supplemental transcript shows that on March 3, 1914, the defendant, Fred Thoma, appeared before another judge of the Superior Court (Judge Freeman being absent from the State) and moved the court to amend and correct the record, and that thereupon an order was entered *nunc pro tunc* as of April 7, 1913, purporting to correct the record of the order of that date so as to show that at that time "said defendants and each of them, having entered their exceptions herein, each of them for himself prayed for an appeal from the judgment of this court to the Appellate Court in and for the First District of Illinois, which prayer was allowed upon each defendant filing his appeal bond herein in the sum of $5,000, etc." The order also states, in substance, that after a careful examination of the record of the orders entered April 7, 1913 and April 21, 1913, the separate pleas of the defendants, the separate motions for a new trial and in arrest of judgment, as filed on April 7, 1913, the appeal bond of Fred Thoma, and the minutes of Judge Freeman and his minute clerk made on April 7, 1913, the court finds that the two orders mentioned were not correctly recorded by the clerk.

The supplemental transcript further shows that the plaintiff excepted to the action of the court in making this amendment or correction of the record, and asked for and obtained a bill of exceptions, which is incor-

porated in the additional transcript. It appears from this bill of exceptions that the only evidence submitted to the court, upon the hearing of said motion to amend and correct the record, consisted of the files, minutes and records above stated. The minutes of Judge Freeman and those of the minute clerk correspond with the judgment and order of April 7, 1913 in all essential particulars, and none of the files offered in evidence contain any reference whatever to an appeal, either joint or several.

In *Town v. Howieson, supra,* an order was entered in the Circuit Court granting an appeal from a decree in a foreclosure suit to two defendants, which order corresponded with a minute indorsed upon the back of the draft of the decree except that it required the appeal bond to be approved by the clerk instead of the court. Within the time specified in the order, one of the defendants presented his separate appeal bond, which was approved by the chancellor, and filed with the clerk. After the term had passed, a motion was made to have the order granting the appeal amended so as to show that the defendants separately prayed for and were allowed an appeal, and that the bond was ordered to be approved by the court. The chancellor granted the motion to amend to the extent of making the order require the bond to be approved by the court instead of the clerk, but denied the motion in so far as it sought to amend the joint prayer for an appeal. This ruling was approved by the Supreme Court. The Court said in that case: "At the subsequent term at which the motion to amend was made, the amendment could be made only from some minute or memorial paper, from which it could be determined what the order made by the court really was. (*Gebbie v. Mooney,* 121 Ill. 255; *Culver v. Cougle,* 165 id. 417.) * * * The meaning of this minute or memorandum was that the defendants jointly prayed an appeal. Nor was there any showing made for an appeal by Town alone, but the court was only asked to interpret the minutes as allowing such severance. The court did not err in refusing to amend the order so as to allow appellant to appeal separately. Such an order would have been a different one from the order actually made by the

court as shown by the minute." In *Wesley Hospital v. Strong,* 233 Ill. 153, it is said: "The fact that a particular order has been made by the court at a previous term, if it is not of record, can only be shown 'by the production of some note or memorandum from the records or *quasi* records of the court, or by the judge's minutes, or some entry in some book required to be kept by law, or in the papers on file in the cause.'" As none of the minutes, files, records or papers offered in evidence proved, or even tended to prove, that the record of April 7, 1913 was not, in fact, the order made on that day by Judge Freeman, it follows that the order of March 3, 1914, purporting to show the granting of a separate appeal to each defendant was unauthorized and void and is of no force or effect whatever.

In the original transcript of the record there appears a document in the ordinary form of a bill of exceptions, except that when filed in this court it was not signed by any judge, but was marked: "Presented this 24th day of May, 1913, Henry V. Freeman, Judge," and filed by the clerk of the Superior Court on May 27, 1913. It is insisted by appellant's counsel that this alleged bill of exceptions shows that a separate appeal was prayed by and allowed to Fred Thoma on April 7, 1913. Conceding that to be true, such a recital has no proper place, and is of no effect, in a bill of exceptions. The court cannot change, amend or correct an order entered of record, and which, by statute, is required to be entered of record, by a mere recital in a bill of exceptions. During the term, the court may change, amend or correct any order entered of record by another order entered of record in such form as the court may deem proper. But after the term has passed, the record can only be amended in the manner already stated. The purpose of a bill of exceptions is to show what exceptions were taken at the time any ruling or order was made by the court, not to show whether an appeal was separately or jointly prayed. An order granting an appeal is a part of the record without any bill of exceptions. Hence, even if Judge Freeman had signed the bill of exceptions,

it could not be given the effect of an amendment to the record so far as the prayer for, and allowance of, an appeal is concerned.

After the nominal bill of exceptions last mentioned had been filed in this court, leave was obtained to withdraw it for the purpose of having it signed. When it was refiled it had been signed by another judge, nearly a year after the judgment was entered and the appeal allowed. A motion has been made by appellee to strike this bill of exceptions from the records of this court. In view of the conclusion we have reached as to the motion to dismiss the appeal, it will not be necessary for us to consider this second motion.

For the reasons stated, the appeal will be dismissed.

*Appeal dismissed.*