CALVIN H. FREW

*v.*

ASA H. DANFORTH.

*Filed at Springfield June 15, 1888.*

AMENDMENT *of the record—after the term.* Before the record of a judgment can be amended after the term at which the judgment was rendered, there must be something to amend by, otherwise no amendment can be allowed.

WRIT OF ERROR to the County Court of Ford county; the Hon. HUGH P. BEACH, Judge, presiding.

Mr. CALVIN H. FREW, *pro se:*

Section 2, of chapter 7, of the Statute of Amendments and Jeofails, aside from the common law, authorized the county court to amend its own defective judgment.

Every court of record has, at common law, the power to amend its record, so as to conform to the fact. 1 Am. and Eng. Encyclopædia of Law, p. 553, par. 6.

After notice to the opposite party, (as was done in this case,) amendments may be made at any time. *Glasscock* v. *Glasscock*, 8 Mo. 577.

The old notion that the record remains in the breast of the court only till the end of the term, has yielded to necessity, convenience and common sense. *Rhoades* v. *Commonwealth*, 15 Pa. St. 276.

Mr. J. W. DOUGHERTY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This proceeding was commenced by Calvin H. Frew, by petition to the county court of Ford county, to amend a record of a judgment for taxes or special assessment remaining in that court against lands claimed to be owned by Asa H. Danforth. The alleged owner was made defendant, and was served with notice of the application. The amendment asked to be made to the record is, that certain blanks should be filled so as to show the judgment was rendered for the correct amount.

No sufficient reason is shown for allowing the desired amendment. Before a record can be amended after the close of the term at which the judgment was rendered, there must be something to amend by, otherwise no amendment can be allowed. In the case of *Church* v. *English*, 81 Ill. 442, cited by counsel, all the amendments allowed were made upon an inspection of the judge's minutes, entered upon the docket at the time, and in accordance therewith. But here there is nothing shown by which the court could amend its record. The clerk of the court, who made up the record after judgment was entered, testified : "A list of lands against which judgment is asked, is prepared by the collector. He figures the costs and interest. The amount of judgment asked for is put down by the collector. I had no means of knowing except by getting it from him, and he did not furnish it."

There being nothing shown by which the court could direct its record to be amended in accordance with the prayer of the petition, its refusal to allow any amendment was correct, and must stand. *Judgment affirmed.*