## JEROME HOWE ET AL.
### v.
## EVERETT M. WARREN ET AL.

*Appeal and Error.*

1. An order allowing an appeal to the Supreme Court can not be amended at a subsequent term on motion of the appellant and the unsworn statement of the minute clerk that he made a mistake, so as to allow an appeal to the Appellate Court, and to be entered *nunc pro tunc* as of the date of said order.

2. Under the statutes of this State the decisions have been uniform that no appeals were effectual unless the terms upon which they were granted were complied with.

[Opinion filed November 7, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

Mr. J. M. HAMILTON, for appellants.

Messrs. MORAN, KRAUS, MAYER & STEIN, for appellees.

MR. JUSTICE GARY. On the 15th day of July, 1892, the Circuit Court sustained a demurrer to a bill filed by the appellants against the appellees and dismissed the bill. The appellants then prayed an appeal to the Supreme Court, which was allowed.

On the 12th day of September following, another judge of the Circuit Court, on motion of the appellants, and the unsworn statement of the minute clerk that he made a mistake, and that the order allowing the appeal should have shown an appeal to this court, entered this : " On motion of complainants it is ordered that the order entered herein on the· 15th day of July, 1892, allowing an appeal to said complainants to the Supreme Court of the State of Illinois, be and the same is hereby amended so as to allow said

appeal to the Appellate Court for the First District of Illinois. And it is further ordered that this order be entered *nunc pro tunc* as of July 15th, 1892."

We need only refer to Frew v. Danforth, 126 Ill. 242, In re Barnes, 27 Ill. App. 151, and Ettelson v. Jacobs, 40 Ill. App. 427.

The appeal is dismissed on motion of the appellees.

*Appeal dismissed.*

(*Upon petition for rehearing, opinion filed January 21, 1893.*)

MR. JUSTICE GARY. On the 7th of November last, the appeal in this case was dismissed on the ground that the allowance of an appeal to the Supreme Court did not bring a case here. The only question then considered was the power of the Circuit Court to change the order allowing the appeal at a later term of the court.

The appeal bond recited an appeal to this court, and the record was filed here. The appellants now move to reinstate the appeal, contending that the appeal, however prayed and allowed, goes to the court to which by law the jurisdiction belongs. For this position they cite Benjamin v. Liverpool, 15 Ad. & El. N. S. 1070; Queen v. Buckinghamshire, 4 El. & Bl. 260, in note; and Stone v. Cromie, 87 Ky. 173. These cases are in point, but we decline to follow them.

Under our statutes the decisions have been uniform that no appeals were effectual unless the terms upon which they were granted were complied with.

The appellee has no other notice of an appeal than the order allowing it, unless, indeed, in looking to see whether the appeal was perfected, he should read the recitals in the bond, and thereby discover that the appellant had gone to another court. Generally that would not be done, and so it might happen that a just judgment might be reversed upon an *ex parte* showing, without actual or constructive notice to the party interested in sustaining it.

As no appeal is to be dismissed for insufficiency of the bond, if the appellant will give a good one, (Sec. 70, Chap.

110 R. S.), the step we are asked to take leads to the position that an appeal taken to one court, with bond reciting such an appeal, and the record filed in another, is to be followed by the appellee to the latter court, if the appeal should have been to it, though he never had any notice that any record had been filed anywhere. The motion is denied.

*Motion denied.*