HARRY HUBBARD

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

</div>

*Opinion filed April 16, 1902—Rehearing denied June 10, 1902.*

1. AMENDMENTS—*amendment after term must be based upon some memorial paper.* The record in a criminal case may be amended after term by an order of court entered *nunc pro tunc,* when, by reason of a clerical misprision, it does not speak the truth; but the amendment must be based upon some official or *quasi* official note, memorandum or memorial paper remaining in the files of the case or upon the records of the court.

2. SAME—*a proposed amendment cannot rest in recollection or upon ex parte affidavits.* A fact proposed to be incorporated into the record of a criminal case after term, to supply an omission, cannot rest in the recollection of the judge or other person nor be based upon *ex parte* affidavits or testimony after the event has transpired.

3. SAME—*short-hand reporter's notes not sufficient basis for nunc pro tunc order.* The stenographic notes of the court reporter relating to proceedings of the trial other than the evidence, are not such a note, memorandum or memorial paper as the law contemplates shall be used as the basis for a *nunc pro tunc* order amending the record in a criminal case. (*Chicago, Milwaukee and St. Paul Railway Co. v. Walsh,* 150 Ill. 607, and *Sullivan v. Eddy,* 154 id. 199, distinguished.)

4. CRIMINAL LAW—*when record is insufficient to sustain conviction.* A record is insufficient to sustain a conviction which fails to show that the jury was empaneled and sworn, that the accused was present at the trial or that the jury was in charge of a sworn officer; nor can the record be amended after term to show otherwise, by a *nunc pro tunc* order based upon the affidavit of the short-hand reporter, accompanied by excerpts from his stenographic notes, and of the clerk of the court.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

W. S. CANTRELL, and C. H. LAYMAN, for plaintiff in error.

H. J. HAMLIN, Attorney General, and T. J. MYERS, State's Attorney, (G. B. GILLESPIE, of counsel,) for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

The defendant was tried at the May term, 1900, of the circuit court of Franklin county, for the murder of William Espy, the Hon. E. D. Youngblood, Judge, presiding. The jury returned a verdict of guilty, and fixed his punishment at imprisonment in the penitentiary for the term of fourteen years. After overruling a motion for a new trial and in arrest of judgment the court entered judgment on the verdict, whereupon the defendant sued out a writ of error from this court, returnable to the October term, 1901, and as grounds for reversal assigned the following errors: (1) "The record fails to show that the jury were empaneled and sworn; (2) the record fails to show that the defendant was present at the trial, when the verdict was returned or at the time sentence was pronounced; and (3) the record fails to show that the jury were kept in charge of a sworn officer." Thereupon, upon the motion of the Attorney General, the case was continued, and a writ of *certiorari* was ordered to issue to the clerk of the circuit court of Franklin county, requiring him to send up a complete record, etc. At the November term, 1901, of the circuit court of Franklin county, on motion of the State's attorney, (notice of such motion having been served upon the defendant and his attorneys,) the court, the Hon. E. E. Newlin, Judge, presiding, caused the case to be re-docketed, and such proceedings were had that an order was entered amending the record *nunc pro tunc,* showing (1) that the jury were empaneled and sworn; (2) that the defendant was present at the trial, when the verdict was returned and at the time sentence was pronounced; and (3) that the jury were kept in charge of a sworn officer,—to which action of the court the defendant excepted and presented a bill of exceptions, and has sued out a writ of error from this court, which writ of error has been consolidated with the former writ of error, and the two cases will be disposed of by this opinion.

It appears from the bill of exceptions that the record was amended *nunc pro tunc* upon the affidavit of the shorthand reporter, which was as follows: "I was reporter at May term, 1900, of the Franklin county circuit court; reported the case of *People* v. *Hubbard*, on charge of murder; made stenographic notes of all steps and proceedings, appearance of parties and attorneys, empaneling and swearing of jurors and officers, and all other steps deemed material to be kept and recorded. So far as affiant made notes he truly recorded the same. Affiant has made excerpts from said notes in typewriting, which he attaches hereto as part of affidavit. Said excerpts show correctly the proceedings of said trial as shown and recorded in stenographic notes of affiant made concurrently with the occurrence of the several steps of said trial. So far as excerpts purport to be a record of said trial the same are full and complete,"—to which was attached, marked "Exhibit A," the excerpts, extended in typewriting, referred to in said affidavit, and the affidavit of the clerk of the circuit court, which was as follows: "I am clerk of the circuit court of Franklin county; have been since before May term, 1900; was in attendance at May term, 1900, during trial of *People* v. *Hubbard*, on charge of murder; know that the defendant was present at each and every session of court during trial, in person and by counsel. Jury were empaneled and sworn before any statement of counsel or before any evidence was heard. Jury were in charge of sworn officer. Defendant was present when verdict was returned into court and when sentence was pronounced against him. I did not write up record as I knew it to be, but wrote it from the minutes of the judge entered on his docket."

The record in a criminal case may be amended after the term at which it is made has elapsed, by an order of court entered *nunc pro tunc*, when by reason of a clerical misprision it does not speak the truth. (*Kennedy* v. *People*, 44 Ill. 283; *Phillips* v. *People*, 88 id. 160; *Gore* v. *People*, 162

id. 259; *Knefel* v. *People*, 187 id. 212.) The amendment must, however, be based upon some official or *quasi* official note or memorandum or memorial paper remaining in the files of the case or upon the records of the court, and a fact proposed to be incorporated into a record to supply an omission cannot rest in the recollection of the judge or other person, or be based upon *ex parte* affidavits or testimony after the event has transpired. (*Dougherty* v. *People*, 118 Ill. 160; *Tynan* v. *Weinhard*, 153 id. 598; *Village of North Chillicothe* v. *Burr*, 178 id. 218; *Chicago, Burlington and Quincy Railroad Co.* v. *Wingler*, 165 id. 634; *Dreyer* v. *People*, 188 id. 40.) "The memorial paper or minute by which a record may be amended must be made and preserved as a part of the record, pursuant to law. A private memorandum of a witness is not sufficient." (*Dougherty* v. *People, supra.*) "It must be shown by the production of some note or memorandum from the records or *quasi* records of the court, or by the judge's minutes, or some entry in some book required to be kept by law, or in the papers on file in the cause. It cannot be determined from the memory of witnesses, or by the recollection of the judge himself." *Tynan* v. *Weinhard, supra.*

Paragraph 82*a*, chapter 37, (Hurd's Stat. 1899,) provides that the several judges of the circuit courts are authorized to appoint short-hand reporters for their respective courts. Paragraph 82*b* provides: "The said reporter shall cause full phonographic notes of the evidence in all trials in the court for which he is so appointed to be taken down." The statute provides that the short-hand reporter shall cause full phonographic notes of the evidence to be taken down in all trials in the court for which he is appointed, but it nowhere provides, and it is not his duty, to make "stenographic notes of all steps and proceedings, appearance of parties and attorneys, empaneling and swearing of jurors and officers, and all other steps deemed material to be kept and recorded." In other words, the statute does not make it

the duty of the short-hand reporter to keep bench notes for the judge or memoranda from which the clerk of the court may subsequently write up the record. The stenographic notes of the short-hand reporter were not, therefore, such a memorial paper, note or memorandum as the law contemplates shall be used as a basis from which to make an order amending a record *nunc pro tunc*. The *ex parte* affidavits of the reporter, accompanied by excerpts from his stenographic notes and of the clerk of the circuit court, were not sufficient upon which to base said *nunc pro tunc* order. They were of no more force for the purposes for which they were used than would have been the affidavits of bystanders who had taken notes of the various steps pursued in the trial of the case, or who had been present and observed the course of procedure during the trial.

In the case of *Chicago, Milwaukee and St. Paul Railway Co.* v. *Walsh*, 150 Ill. 607, the stenographic notes of the short-hand reporter who took the evidence had been written up, approved by the court and filed in the case as a part of the bill of exceptions, which made them a part of the record, while here the excerpts relied upon were not a part of the evidence heard upon the trial, but were matters taken down by the short-hand reporter other than evidence, and amounted, in law, but to a private memorandum.

While there are some things said in the opinion in *Sullivan* v. *Eddy*, 154 Ill. 199, which appear to be in conflict with the views herein expressed, when carefully considered there is no such conflict. While the affidavit of the stenographer who reported the case, and the notes taken by him upon the trial, appear to have been before the court at the time the record in that case was amended, it is expressly stated in the opinion that there was sufficient in the record before the court to authorize the amendment without considering said affidavit and stenographer's notes. What was said, therefore, with reference to said notes being a proper minute of the court

upon which to base an amendment was not necessary to a proper decision of the case.

We are of the opinion the record as originally made was wholly insufficient to sustain a conviction, and that the court was without power to enter an order amending said record *nunc pro tunc* as of a former term, for want of a sufficient official or *quasi* official note or memorandum or memorial paper, preserved as a part of the records of the court, pursuant to law, upon which to base ·the said amendment.

The judgment of the circuit court will therefore be reversed and the cause remanded to that court for a new trial.

*Reversed and remanded.*