## Joseph H. Strong, Administrator, v. Wesley Hospital.

### Gen. No. 13,321.

1. COMMON LAW RECORD—*when equity without jurisdiction to order amendment of.* In the absence of fraud, equity has no jurisdiction to order the amendment of a common law record. The remedy is in the court in which the record subsists.

2. AMENDMENT—*what essential to jurisdiction to make, after lapse of term.* In order to amend the record of a common law court in a matter of substance, it is essential that some note, minute or memorial exists which will support the amendment sought.

3. AMENDMENT—*what not minute or memorial.* An entry in a private docket is not a minute or memorial which will support an amendment sought after the lapse of the judgment term.

Bill in chancery. Appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed July 1, 1907.

**Statement by the Court.** March 29, 1905, the Wesley Hospital filed a bill against appellant, as administrator of the estate of Lizzie Kolar, deceased, stating as facts, in substance, the following: December, 1901,

Lizzie Kolar commenced an action against the Wesley Hospital for injury to her person, alleged to have been occasioned by appellee's negligence, to which the appellee pleaded. Lizzie Kolar died pending the suit, and appellant was substituted as plaintiff, and in October, 1904, a verdict was rendered by the jury in the cause, in favor of appellant and assessing his damages at the sum of $5,500, from which, on motion for a new trial, $3,500 was remitted, and the court, November 19, 1904, after overruling appellee's motions for a new trial and in arrest of judgment, rendered judgment for $2,000, to which appellee excepted, and prayed and was allowed an appeal to the Appellate Court for the First District, on filing a bond in the penalty of $3,500 within thirty days, and a bill of exceptions within sixty days, and, November 19, 1904, the court directed the clerk to enter an order accordingly. The clerk neglected and omitted to enter, or record, in any way, appellee's motion in arrest of judgment, the prayer for appeal and its allowance, the fixing of the appeal bond and the order in reference to the bill of exceptions.

Within thirty days from November 19, 1904, appellee executed an appeal bond in accordance with the court's order and secured the approval, in writing, of the same by appellant's attorneys, and, December 17, 1904, procured the approval thereof by one of the judges of the Circuit Court and filed the same. Within the sixty days limited for filing a bill of exceptions, appellee prepared and submitted to appellant's attorneys a bill of exceptions, and, January 17, 1905, appellant's attorneys, after insisting on certain corrections being made therein, assented to the same in open court, and the same was signed by his Honor Judge Honore, and filed with the clerk. By appellee's order the clerk prepared a transcript of the record, which was completed February 18, 1905, when appellee's attorney was notified by the clerk that the order relating to the appeal, the bond and the bill of exceptions had not

been recorded. Appellee then saw the minute clerk, and asked him to ascertain what the difficulty was, and, after a few days, was informed by him that he could not correct the record without an order from the judge to that effect. February 28, 1905, appellee, on notice given to appellant's attorneys, appeared before Judge Honore and then, for the first time, ascertained that the clerk had not entered on his minute book the order noting exceptions to the entry of judgment, and relating to the appeal and bill of exceptions, and moved the court that the order be entered then as of November 19, 1904, which motion the court, March 6, 1905, denied, claiming that the term having passed the court was without authority to make the order, to which ruling appellee excepted and prepared and had signed a bill of exceptions, and filed the same March 6, 1905, and prayed an appeal to the Appellate Court, which was allowed on filing bond in the penal sum of $250. Owing to the neglect and misprision of the clerk, appellee had been deprived of its right of appeal.

John A. Linn is clerk of the Circuit Court, as successor of J. A. Cooke, formerly clerk, and took charge as clerk in December, 1904, and the same minute clerk who acted in the court presided over by Judge Honore is now serving as minute clerk in said judge's court room. Appellee has a good defense to appellant's cause of action, as it is advised by its attorney, and was not guilty of any negligence, as alleged in the declaration. John A. Linn, clerk of the court, and appellant, are made defendants, and answers without oath are prayed, and that the clerk be directed to amend and correct the record so that the same shall be in accordance with the facts as heretofore stated, and that appellant and his agents and attorneys be enjoined from prosecuting said suit, or taking any steps or proceedings therein, until the determination of appellee's rights in the premises, and for general relief, etc.

The bill is verified by the affidavit of Nathaniel M.

Jones, as agent of appellee. A temporary injunction as prayed was issued.

May 6, 1905, John A. Linn demurred to the bill, and his demurrer was subsequently sustained and the bill dismissed as to him. The same day appellant Strong answered. The answer saves certain exceptions, and avers that appellee had a full, adequate and complete remedy at law. It admits the proceedings in the law suit and the result as stated in the bill; the motion made to amend the record, and its denial, and the preparation and signing of a bill of exceptions to the ruling denying the motion; avers that the order of March 6, 1905, is *res judicata* as to appellee's right to amendment; denies that appellee has a good defense to the law suit, and denies every material allegation of the bill not expressly admitted, confessed and avoided, or denied. The answer is verified by the affidavit of John B. Heineman. It appears by exhibits B and C, annexed to the answer, that February 28, 1905, the court denied the motion to amend the record, and that March 3, 1905, a motion was made by appellee to set aside the order of February 28, and to amend the order of November 19, 1904, so as to show the order allowing the appeal, which motion was overruled March 6, 1905, and a bill of exceptions was tendered and signed. The cause was heard on evidence produced in open court, which is preserved by certificate, and June 30, 1906, the court rendered a final decree, in which, after certain findings, it is adjudged and decreed as follows:

"It is therefore hereby ordered, adjudged and decreed that said injunction be and is hereby continued in full force and effect: Provided, however, that in case the plaintiff in said suit at law, the defendant herein, or his successor herein, shall file with the clerk of this court in said suit at law a stipulation or writing in words and figures following:

"It is hereby stipulated and agreed by the plaintiff in the above cause that an order may be entered in this cause in words and figures as follows:

"By consent of the plaintiff herein, it is ordered that the judgment order entered herein on November 19, 1904, be and the same is hereby vacated.

"And this day comes the plaintiff by his attorneys and remits the sum of thirty-five hundred dollars ($3,500) from the amount of the verdict heretofore rendered herein by the jury aforesaid; and thereupon this cause coming on to be heard upon the defendant's motion heretofore entered herein for a new trial in said cause, after argument of counsel and due deliberation by the court, said motion is overruled and a new trial denied. Therefore, it is considered by the court that the plaintiff do have and recover of and from the defendant, Wesley Hospital, the sum of two thousand dollars ($2,000), being the residue of the amount of the damages in form as aforesaid by the jury assessed, together with his costs and charges in this behalf expended, and have execution therefor; and thereupon the defendant duly excepted to the entry of said judgment for two thousand dollars ($2,000) and made a motion in arrest of said judgment, which motion was overruled, and to which ruling the defendant, by its counsel, then and there duly excepted; thereupon defendant prayed an appeal to the Appellate Court of Illinois for the First District, which was allowed by the court upon an appeal bond being filed therein by said defendant in the penal sum of three thousand dollars ($3,000) within thirty days from this date, and upon the filing of a bill of exceptions herein within sixty days from this date.

"But nothing in this stipulation contained shall be construed as a consent to the entry of any order in said cause other than the above, or to the entry of any part thereof less than the whole of said order.

"Which writing shall be signed by the plaintiff or his attorneys.

"And upon the filing of such writing the injunction herein shall be thereby *ipso facto* dissolved; otherwise said injunction shall be perpetual."

Appellee put in evidence, in support of its bill, the appeal bond of date December 6, 1904, and the bill

of exceptions filed January 17, 1905, referred to in the bill. The bill of exceptions purports to contain all the evidence in the law case, the instructions, motions, etc., and the objections and exceptions of counsel. Appellant then put in evidence the bill of exceptions to the order of the law court, of date March 6, 1905, denying appellee's motion to amend the record, so that it would show a prayer for and the allowance of an appeal, and the time given to file an appeal bond and a bill of exceptions. The appellee then called certain witnesses, who testified, in substance, as follows:

Nathaniel M. Jones testified that he succeeded Mr. Sheppard, as attorney for appellee, and had, practically, entire charge of the case, and was present when the motion for a new trial was overruled and judgment rendered, and moved in arrest of judgment and prayed an appeal, and that the court granted an appeal, saying to the clerk, as nearly as witness could recollect, "Enter an order allowing an appeal from the judgment to the Appellate Court, First District. Fix the bond at $3,000, to be filed within thirty days, and the bill of exceptions to be filed within sixty days." This witness also testified that he had been in the habit of keeping a docket for years, and, November 19, 1904, made entries in his docket showing what occurred in the cause at that date, and after looking at such entries, he testified to said occurrences, among which was, "An appeal prayed and granted," etc. Witness further testified that, in support of his motion to amend the record, he sent the judge a copy of the opinion *In re* Wight, 134 U. S. 136, and that he received a letter from the judge expressing doubt whether the Supreme Court would follow that case, and that, to sustain appellee's motion, he would have to go further than did the court in the Wright case, because in that case the court personally recollected the order, whereas he had no recollection of it. Witness also testified that he did not know whether there

was any minute made of the alleged order by either the court or the clerk; that the entry in the clerk's order book, which was shown to him, stopped after the words, "judgment for $2,000."

James A. Stevens, an attorney in Mr. Jones' office, testified that he presented the appeal bond to appellant's attorneys for approval, and it was admitted by appellant's counsel that the writing, "O. K. Cannon & Poage, attorneys for plaintiff," was written by Mr. Cannon. The witness also testified that, when the bond was presented to Mr. Cannon he said that J. B. Hobbs, the surety on the bond, was a reliable man and ought to be a good surety on any bond. Appellee also put in evidence the orders of February 28 and March 6, 1905, denying the motions to amend record.

Witnesses called by defendant testified as follows:

Wm. J. McKenna testified that he served as minute clerk in Judge Honore's court in October and November, 1904, and kept the minutes of that date in Strong, Adm'r, v. Wesley Hospital. Here it was admitted by appellee's attorney that the minute book showed nothing about the matter before the court. Witness further testified that the minutes were taken directly from the judge, as he stated them to witness, and that the only order he received or remembered was on the minute book; that he did not remember any order made which he did not enter in the minutes. The minute book was put in evidence and shows this: "Plff. remits from verd. of $5,500 the sum of $3,500. Mo N. T. overl'd. Judgt. on verd. less $3,500—$2,000." Witness also testified that no one from the office of appellant's attorneys ever saw him about any order made in the cause prior to the motion to amend the record.

Thomas H. Cannon testified that he was appellant's attorney and was present in court November 19, 1904, when the motion for a new trial was argued, and that he had no recollection of any motion or any order after the judge made the formal order of judgment on

the verdict, with *remittitur* of $3,500, making judgment $2,000.

John B. Heineman testified that he assisted in the trial of Strong, Adm'r, v. Wesley Hospital and was present when the motion for a new trial was argued and judgment ordered, and that the last order which he remembered hearing was judgment on the verdict less the *remittitur*, $2,000.

The appellant then put in evidence the pleadings and verdict in the law case, and an order of this court dismissing an appeal from the judgment for $2,000, in favor of appellant and against appellee.

In rebuttal appellee called Robert L. Sheppard, whose evidence we do not think material. Appellant, whose objections to the introduction in evidence of the appeal bond and bill of exceptions, in the law case, had previously been overruled, then moved to exclude them, which motion the court overruled.

CANNON & POAGE, for appellant.

HORTON, BROWN, RICHOLSON & MILLER, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal rendered by the Circuit Court sitting in chancery, and the errors assigned necessarily relate solely to that decree. Therefore, the question whether the law court did or did not err in denying appellee's motions to amend the record, by adding thereto a prayer for and allowance of an appeal, etc., is not before us for decision, although the question whether the law court had jurisdiction to so amend the record, on sufficient evidence and a proper showing, is involved in the consideration of the case. That he had such jurisdiction is admitted by counsel for appellee on page twenty-three of their printed argument, and is, as we think, abundantly settled by the decisions of the Supreme Court in the following cases: Gillett v.

Booth, 95 Ill. 183; Church v. English, 81 *ib.* 442; Spell-myer v. Gaff, 112 *ib.* 29; Gebbie v. Mooney, 121 *ib.* 255, 258; People v. Anthony, 129 *ib.* 218; C. M. & St. P. Ry. Co. v. Walsh, 150 Ill. 607, 610; Culver v. Cougle, 165 *ib.* 417, 422.

Therefore, the law court having had full power to amend the record as moved by appellee, on a proper showing, appellee had a full, adequate remedy at law. Also, if it is appellee's contention that the law court erred in making an order denying its motion to amend the record, it has a remedy by writ of error to have that order reversed. It preserved, as appears from the record before us, a bill of exceptions to the order denying its motion.

Appellee, having a full, adequate and complete remedy at law, cannot, in such case as the present, resort to a court of equity. It is not claimed by appellee's counsel that the omission, which is alleged to have occurred by the misprision of the clerk, was induced by any fraud, trick or device of appellant or any of his attorneys, and the record shows the contrary.

In Fisher v. Sievers, 65 Ill. 99, a bill was filed alleging the recovery by the complainant of a judgment against the defendant for $125, and that the record of the judgment was destroyed, and praying that the judgment be made and declared a decree of the Circuit Court, and that the defendant be decreed to pay the same. The Circuit Court granted the relief prayed; but the Supreme Court reversed the decree, saying, among other things: "Besides there was a remedy at law, by motion in the court in which the judgment was rendered, to supply the record." See, also, Clingman v. Hopkie, 78 Ill. 152.

The decree appealed from is extraordinary, and, as we think, unprecedented. No precedent or authority has been cited in support of it, nor do we know of any. Counsel for appellee say in their printed argument: "The object of this bill is to correct and amend the

record in the law court, so as to show what actually took place the day the judgment was entered." This statement corresponds with the specific prayer of the bill. Yet the court, by its decree, does not amend the record of the law court in any way, but decrees that unless appellant will consent to an amendment of the record of the law court, such as appellee prays, appellant will be perpetually enjoined from enforcing or collecting his judgment against appellee. Concisely stated, the court says to appellant, your judgment, henceforth, shall be a nullity, and as if vacated, unless you will consent to the amendment prayed by the appellee. The decree seems to proceed on the theory that the court was powerless to amend the record, as prayed, on the evidence, and on the further theory that appellant had no right to oppose the amendment prayed. It is not claimed, and there is no evidence, that the judgment against appellee was fraudulently recovered, or that there was not a fair trial, in all respects, before the court and jury. Such being the case, it was appellee's legal right to stand on the record as it is, and to oppose its amendment by all legal and proper means, and the court was legally powerless to prevent his so doing, or to force his consent to an amendment, which, as we think, the court could not properly decree for two reasons: first, because a court of equity cannot properly maintain the bill, there being a full, adequate and complete remedy at law; and, second, because the evidence is wholly insufficient to warrant an amendment of the record. There is no note, minute or memorial paper showing, or tending in the least to show, that there was any appeal prayed or allowed, or time given to file an appeal bond or bill of exceptions, and it is not claimed that there is. The prayer for and allowance of an appeal is a matter of substance (Culver v. Cougle, 165 Ill. 417, 421; Towne v. Howieson, 175 ib. 85), and could only be allowed at a term subsequent to that at which the judgment

was rendered "from some minute or memorial paper from which it could be determined what the order made by the court really was." Towne v. Howieson, 175 Ill. 85, 87. The following cases are to the same effect: Gebbie v. Mooney, 121 Ill. 255, 258; Frew v. Danforth, 126 *ib.* 242; Culver v. Cougle, 165 *ib.* 417, 422.

In the present case it appears that neither the judge who presided in the law court, nor his minute clerk, nor any of the attorneys who were present when the judgment was rendered, except Mr. Jones, recollects any such order as appellee claims was made. Mr. Jones' entry in his private docket is not a minute or memorial paper within the meaning of the law. In Hubbard v. The People, 197 Ill. 15, 18, it is held that an amendment must "be based on some official or *quasi* official note or memorandum or memorial paper remaining in the files of the case, or upon the records of the court." The court also say: "The memorial paper or minute, by which a record may be amended, must be made and preserved as part of the record, pursuant to law. A private memorandum of a witness is not sufficient."

The rule, in this respect, is the same in chancery as at law. Culver v. Cougle and Towne v. Howieson, cited *supra;* Tosetti Brewing Co. v. Koehler, 200 Ill. 369, 373.

It thus appears that the court, by its decree, attempted to accomplish indirectly, and by a species of duress, that which it could not do directly, namely, to bring about an amendment of the record of the law court, by forcing appellant to surrender his right in the premises, and consent to the amendment. Neither the appeal bond nor bill of exceptions in the law case can be deemed a record, in view of the absence from the record of a prayer for and allowance of an appeal and an order fixing time for filing bond and bill of exceptions, and neither of them is a minute, note,

memorandum or memorial paper such as defined in Hubbard v. The People, *supra,* from which it can be determined whether any order not appearing, in the record was actually made. If, as the evidence tends to prove, appellant's counsel assented to the correctness of the bill of exceptions and the sufficiency of the appeal bond, this does not obviate the difficulty of the absence of any minute or memorial paper.

Our conclusion is that the bill cannot be maintained. The decree will be reversed and the cause remanded, with directions to dismiss the bill for want of equity.

*Reversed and remanded with directions.*