Grace W. Loker, Administratrix of the Estate of Hazel Lizenby, Deceased, Defendant in Error, v. Bernard C. Lizenby, Plaintiff in Error.

## Gen. No. 31,618.

1. JUDGMENTS—*vacating dismissal at subsequent term.*   An order dismissing a suit for want of prosecution cannot be vacated at a subsequent term and the case reinstated.

2. JUDGMENTS—*right to correct decree after entry term.*   A decree may be corrected on motion, at a term after that in which it was entered, in matters of form or clerical error or misprision of the clerk.

3. JUDGMENTS—*necessity of minutes used as basis for change in decree, being preserved in the court record.*   Before an amendment or correction in a decree can be made, based on the minutes of the court, such minutes must be shown and preserved in the court record.

4. APPEARANCE—*special appearance as not giving jurisdiction to enter otherwise invalid order.*   A court has no jurisdiction to vacate an order of dismissal of a suit, entered at a previous term, on the ground he has jurisdiction of the defendant because his attorney appeared solely to object to the court's jurisdiction.

Error by defendant to the Circuit Court of Cook county; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Reversed. Opinion filed October 10, 1927. Rehearing denied October 24, 1927.

RALPH O. WINKENWERDER, for plaintiff in error.

GIDEON S. THOMPSON, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

By this writ of error the defendant questions the order of the chancellor entered at a subsequent term, vacating and setting aside an order dismissing the cause for want of prosecution, entered at a prior term of court.

The complainant, Hazel Lizenby, since deceased, filed a bill for separate maintenance, to which the defendant answered, denying the allegations of the bill. An order was entered for temporary alimony. On April 24, 1925, during the April term of the circuit court of Cook county, an order was entered giving leave to complainant to file her amended bill of complaint instanter, and a rule was entered upon defendant to plead, answer or demur within ten days thereafter. On the same day the amended bill was filed, containing the same allegations as the original bill for separate maintenance but adding a prayer for a decree of divorce. On May 7, 1925, which was during the April term of the court, an order was entered dismissing the cause for want of prosecution. At the subsequent term of the circuit court, which was the May term, on May 22, 1925, a petition was filed by the solicitor for the complainant alleging that "by mistake and inadvertence, as appears from the personal minutes and notes of this Court," the cause was dismissed for want of prosecution, and asking for an order vacating the order of dismissal and that the cause be reinstated.

The record does not show that the defendant had any notice of this proceeding. The court thereupon on May 22, 1925, vacated the order of dismissal, reinstated the cause, defaulted the defendant for want of an answer to the amended bill, and set the cause for hearing for May 25. This order recited, among other things, that "it further appearing from the personal minutes and notes of this Court and from the petition of complainant's solicitor filed herein, that by mistake and inadvertence this cause was, on the 7th day of May, 1925, dismissed for want of prosecution."

After the expiration of the April term the court was without authority to enter the order vacating the order of dismissal. A case precisely in point is *Gray v. Ames*, 220 Ill. 251, where the court having jurisdiction of the persons of the parties and of the subject matter of the suit, entered an order dismissing the case. At a subsequent term the chancellor attempted to enter an order vacating the order of dismissal and reinstating the cause. The Supreme Court held that the chancellor clearly had no power to do this, following *Tosetti Brewing Co. v. Koehler*, 200 Ill. 369, where it was held that after the term had elapsed a decree may be corrected, on motion, in matters of form or mere clerical errors or misprision of the clerk, but the court was without power to change the decision or to set aside, vacate, modify, or annul the decree; that relief must be obtained by appeal or writ of error, if the error is apparent on the face of the record, and if not, by bill of review or bill to impeach the decree. It was held that this rule applied to a suit which has been dismissed by the court, and that the order attempting to reinstate it and the decree entered thereafter were null and void and without binding force and effect. It follows that the order of the chancellor of May 25 attempting to reinstate the cause and the subsequent decree were null and void.

Even if this were a suit at law, the record must show the basis upon which the amendment or correction is made, and if it appears to be from the minutes of the court, such minutes must be shown and preserved in the record. *Hubbard v. People,* 197 Ill. 15; *Frew v. Danforth,* 126 Ill. 242; *McKay v. People,* 145 Ill. App. 277.

It is argued that the defendant was represented by an attorney on the hearing of the case and that this gave the court jurisdiction of the defendant's person. The record shows that when the case was heard a Mr. Stough, an attorney, appeared to object to the proceedings upon the ground that the court had no jurisdiction to set aside the order of dismissal. It was specifically stated by Mr. Stough that he did not enter his appearance, but was there simply to object to the jurisdiction of the court. Complainant's counsel objected "to any intervention on the part of this attorney Stough," which objection was substantially sustained. The objection was repeated, and Mr. Stough said, "The court has already told me to be quiet," to which the court replied, "Counsel understands that." There was no such appearance and participation upon the hearing on the merits as would give the court jurisdiction of the person of the defendant.

Subsequent to the entry of the decree herein, Hazel Lizenby, the complainant, died, and Grace W. Loker, administratrix of her estate, was substituted as complainant in the circuit court.

The order of the circuit court of May 22, 1925, and the subsequent decree are null and void, and the decree is reversed.

*Decree reversed.*

MATCHETT, P. J., and O'CONNOR, J., concur.