Nellie Tierney, Appellee, v. Bruno Szumny et al., Appellants.
Appeal of Bruno Szumny and Anton Szumny, Appellants.

Gen. No. 33,570.

Opinion filed May 14, 1930.

ABRAHAM LEPINE and PINES, MORSE & STEIN, for appellants; ALVIN E. STEIN, of counsel.

JOHN E. CRAHEN and JOHN J. GOLDEN, for appellee; JOHN E. CRAHEN, of counsel.

MR. JUSTICE RYNER delivered the opinion of the court.

This appeal presents for our consideration the record of a trial court which is, to say the least, unique. There were entered, during the course of the proceeding, five so-called *nunc pro tunc* orders and there was returned what we, for the want of a better appellation, term a *nunc pro tunc* verdict as to the defendants who have appealed.

On February 23, 1927, the plaintiff filed her declaration in the circuit court of Cook county, charging that Bruno Szumny, Anton Szumny, Charles Smith and the Standard Cab Company, a corporation, were liable to her for damages on account of personal injuries sustained by her, through their negligence.

The Szumnys and the Standard Cab Company were served with summons. The latter filed pleas, but the

Szumnys did not appear in the cause until after the verdict of the jury had been returned and then only a special appearance.

On March 9, 1928, when the case was at issue as to the defendant, Standard Cab Company, the cause was dismissed for want of prosecution. On March 22, 1928, which was at a subsequent term, the court, upon notice to the attorney for the Standard Cab Company, vacated the order of dismissal and reinstated the cause.

On January 21, 1929, the cause came on for trial. The plaintiff, by leave of court, amended her declaration upon its face. It appears from the record that the case was submitted upon the issues joined as to the defendant, Standard Cab Company, only. It further appears that, at adjournment time of court on the same day, the jurors were directed to retire and consider their verdict, which should be a sealed one, and the parties, in open court, waived the polling of the jury.

On January 22, 1929, the court entered a default order against the Szumnys, *nunc pro tunc* as of January 21, 1929. On the same day the jury returned a verdict in words as follows:

"We, the jury, find the defendants guilty and assess the plaintiff's damages at the sum of $6,500."

Charles Smith had been dismissed as party defendant prior to the trial of the case, so that the verdict evidently was against the Szumnys as well as the Standard Cab Company. It was so interpreted by the trial court when it entered judgment.

Their appearance not being on file, the Szumnys were not served with notice of the application for the order vacating the order of dismissal nor for the so-called *nunc pro tunc* order of January 22, 1929. We have searched the record in vain to find any basis for the entry of the alleged *nunc pro tunc* order. Even though

the Szumnys had not appeared in the cause they were entitled to some consideration. They were, at least, entitled to cross-examine the witnesses as to the extent of the plaintiff's damage, yet the cause was tried before they were defaulted and, evidently, the jury was in some manner advised that they could or should return a verdict against them.

On January 25, 1929, the Szumnys entered their special appearance. On February 1, 1929, upon notice to the attorney for the Standard Cab Company, the court entered an order as follows:

"On motion of JOHN E. CRAHEN and JOHN J. GOLDEN, attorneys for plaintiff in the above entitled cause, the court having jurisdiction of the subject matter herein and the parties hereto, and it further appearing to the court that on March 16, A. D. 1928, a motion was made by the plaintiff to vacate the order of dismissal entered in the above entitled cause on March 9, 1928, and said motion was then and there continued to the next term of court, and the clerk of said court having failed to record the entry of said motion and the continuance thereof, it is hereby ordered that the following order be entered *nunc pro tunc,* as of March 16, A. D. 1928.

" 'On motion of JOHN E. CRAHEN, attorney for plaintiff in the above entitled cause, it is hereby ordered that the motion to vacate the order of dismissal entered March 9, 1928, be entered and continued to the next term of court.' "

On February 9, 1929, the court granted leave to the Szumnys to file notices, *nunc pro tunc,* as of February 22, and January 26, 1926. Both dates are a year prior to the date of bringing suit. These dates appear in the abstract. We have, however, examined the transcript of record, and find that leave was granted to file the notices *nunc pro tunc* as of February 2 and January 26, 1929.

A discrepancy of 20 days in stating the day of the month and a further discrepancy of 3 years in stating the year in which an order was entered may not appear to counsel to be of any consequence but misstatements of this character do not expedite the work of a reviewing court.

On May 27, 1929, the Szumnys procured the entry of two *nunc pro tunc* orders. Both orders contain findings that the court, in entering them, considered the bill of exceptions and other documents of record, and the validity of the orders is not challenged by counsel for the plaintiff. The only comment they make is that, because the defendants found it necessary to have two *nunc pro tunc* orders entered, counsel for them "cannot very successfully contend that the records of the court are infallible."

We think that the record before us indicates negligence of the attorneys in the case rather than misprisions of the clerk. It is hardly conceivable that the clerk should be at fault in so many instances in one case. Certainly the responsibility for the dismissal of the suit for want of prosecution cannot be charged to him. Even if the clerk was derelict in the discharge of his duties a little precaution on the part of counsel would have obviated the results.

The bill of exceptions, in the record, does not contain the proceedings had upon the trial of the case. It shows only the motion, after the trial, of counsel for the Szumnys, to expunge from the record all orders entered subsequent to that of March 9, 1928, and a colloquy between court and counsel in reference to the validity of the *nunc pro tunc* orders entered at the request of the plaintiff.

In the case of *McKay v. People,* 145 Ill. App. 277, this court said:

"The law does not permit the entering of orders in a cause or the signing of bills of exceptions after juris-

diction has been lost by lapse of time. It is true that after a term at which a cause has been disposed of has expired amendments of the record may be made by *nunc pro tunc* orders so as to make the record speak the truth. But in such cases the amendment must be based upon some official or *quasi*-official note or memorandum or memorial paper remaining in the files of the case or upon the records of the court, the judge's minutes or some entry in some book required to be kept by law. A private memorandum of a witness is not sufficient; nor can the fact proposed to be incorporated into the record be based upon the recollection of the judge or other person, or upon affidavits or testimony taken after the event has transpired. And the basis upon which the amendment was made must be shown and preserved in the order or in the record. *Hubbard v. People,* 197 Ill. 15; *Frew v. Danforth,* 126 Ill. 242. The reason for the requirement that the basis of the amendment be shown and preserved is that the warrant for the exercise of the new jurisdiction may appear. The power of the court to exercise jurisdiction over the parties and the subject-matter expires with the termination of the term. Jurisdiction to exert power thereafter depends upon the existence of facts extrinsic to the record. Without such facts being shown in the record, upon review the record will show no jurisdiction.'' See also *Hubbard v. People,* 197 Ill. 15; *People v. Rosenwald,* 266 Ill. 548, and *People v. Leinecke,* 290 Ill. 560.

The order of March 9, 1928, was a final disposition of the cause. The order of March 22, 1928, vacating the order of March 9, 1928, was entered at a subsequent term and void upon its face. The so-called *nunc pro tunc* order of February 1, 1929, fails to meet any of the requirements prescribed by the above-referred-to authorities and is likewise void, at least, as to the Szumnys. Neither the record nor the order shows any basis whatsoever for the entry of such an order.

The judgment of the circuit court of Cook county is reversed and the cause is remanded with directions to that court to dismiss the cause as to the defendants Bruno Szumny and Anton Szumny.

*Judgment reversed and the cause remanded with directions.*

WILSON, P. J., and HOLDOM, J., concur.